UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLES MILES,**

    Plaintiffs,                                     Case No. 24-11125

v.                                                 Hon. Terrence G. Berg

**WAYNE COUNTY TREASURER** and
**CITY OF DETROIT TREASURER OFFICE**,

    Defendants.
_____/

### DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS

For the reasons stated in greater detail in the attached Brief, Defendant, the City of Detroit ('the City"), requests that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

In accordance with Local Rule 7.1(a), the City's counsel contacted Plaintiff on May 22, 2024, explained the nature of this motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

Respectfully submitted,


*/S/ Eric B. Gaabo*
Gaabe@detroitmi.gov
Attorney for Defendant City of Detroit
Coleman A. Young Municipal Center
2 Woodward Avenue
Suite 500
Detroit, MI 48226
(313) 237-3052

Dated:   May 23, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**CHARLES MILES,**

    Plaintiffs,

v.

Case No. 24-11125
Hon. Terrance G. Berg

**WAYNE COUNTY TREASURER** and
**CITY OF DETROIT TREASURER OFFICE,**

    Defendants.

_____/

## DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED……………………………………ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY………………iii

CASE SUMMARY……………………………………………………………1

FACTS…………………………………………………………………………..2

ARGUMENT…………………………………………………………………….4

    I.      Standard of Review……………………………………………….4

    II.     Plaintiff's claims contesting the assessment and collection of real property taxes on his properties are barred by the Tax Injunction Act….………………………………………………………………6

        A. The Tax Injunction Act………………………………………….6

        B. Plaintiff is seeking to enjoin, suspend or restrain the assessment, levy and collection of real property taxes…………..8

        C. Michigan law provides a "plain, speedy and efficient remedy" for Plaintiff's tax disputes..…………………………..8

    III.    Applying the principles of comity, this Court should abstain from becoming involved in this this state property tax dispute………..11

CONCLUSION…..………………………………………………………12

# STATEMENT OF THE ISSUES PRESENTED

I. Does this Court lack subject matter jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341, to resolve Plaintiff's claims, which seek to enjoin, suspend or restrain the assessment, levy and collection of real property taxes?

The City answers "Yes."

II. Applying the principle of comity, should the Court abstain from hearing this case, which relates to state taxation matters?

The City answers "Yes."

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

In support of the City's position that under the Tax Injunction Act, this Court lacks jurisdiction over Plaintiff's claims, which seek to enjoin, suspend or restrain the assessment, levy and collection of real property taxes:

28 U.S.C. § 1341; *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); *Pegross v Oakland County Treasurer*, 592 F. App'x 380, 381 (6th Cir. 2014); *Helmsley v City of Detroit*, 320 F.2d 476 (6th Cir. 1963); *Van Kirk v Weldon*, 2021 WL 940755 (ED Mich. 2021); *Heldt v State of Michigan Dept. of Treasury*, 2006 WL 1547592 (ED Mich. 2006); *Keating v State of RI*, 785 F Supp 1094, 1100 (DRI, 1992); *Dunn v Carey*, 110 FRD 439, 440 (SD Ind, 1986); *Chippewa Trading Co. v. Cox,* 365 F.3d 538 (6th Cir. 2004), cert. denied, 543 U.S. 988, 125 S. Ct. 500, 160 L.Ed.2d 372 (2004); *Kistner v. Milliken,* 432 F. Supp. 1001 (E.D.Mich.1977).

In support of the City's position that, applying the principle of comity, the Court should abstain from hearing this case, which relates to state taxation matters:

*Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 298 (1943); *Nat'l Priv. Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 586, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995); *Fair Assessment in Real Estate. Ass'n v. McNary,* 454 U.S. 100, 116 (1981).

**CASE SUMMARY**

In this case, Plaintiff, Charles Miles, challenges the property tax bills he has been issued for properties he owns in the City of Detroit in 2016, 2017, 2018 and 2021. (See ECF No. 1, ¶12.) Plaintiff's objections appear to stem from the Michigan Treasury Department's 2016 denial of a "Principal Residence Exemption" ("PRE") for property located at 9550 Hubbell, which caused Defendant, the City of Detroit, to retroactively adjust and increase Plaintiff's tax bill for prior years. (See ECF No. 1.) The City forwarded the delinquent amounts owed by Plaintiff to the Wayne County Treasurer for collection, in accordance with Michigan law. The Wayne County Treasurer issued adjusted tax bills to Plaintiff reflecting the delinquencies, but Plaintiff has failed to pay the full amounts due, resulting in additional penalties and interest being due.

Plaintiff alleges that as a result of the assessment and attempted collection of real property taxes, his properties "are currently in property tax foreclosure by the Wayne County Treasurer's office." (See ECF No. 1, ¶12.) He seeks an injunction "to stop the arbitrary tax foreclosure of Plaintiff['s] properties," as well as monetary damages for the Defendants' allegedly unlawful actions. (See ECF No. 1, "Prayer for Relief.")

The Court should dismiss Plaintiff's claims against the City because (1) the Tax Injunction Act divests federal courts of jurisdiction to resolve issues relating to

the assessment, levy or collection or any tax under State law, regardless of how such claims are characterized; and (2) applying the principle of comity, the Court should abstain from claims relating to state taxation matters.

## FACTS

Plaintiff alleges that that he is the owner of properties located at the following addresses in the City of Detroit:

- 9550 Hubbell; and

- 12900 Santa Clara;

- 6463 Evergreen.

Under Michigan law, a "principal residence exemption" ("PRE") exempts an owner's principal residence from the tax levied by a local school district for operating purposes, up to 18 mills. (See, generally, Michigan Department of Treasury Principal Residence Exemption Guidelines, attached as **Exhibit A**; Principal Residence Exemption Denials by the Michigan Department of Treasury Frequently Asked Questions, attached as **Exhibit B**; MCL 211.7cc.)

Plaintiff alleges that he obtained a PRE for property located at 9550 Hubbell in 2009, and that he purchased a new home in 2013 at 12900 Santa Clara, but that the PRE for the Hubbell address was not rescinded at that time. (See ECF No. 1, ¶¶ 17, 18.)

In 2016, the Michigan State Treasurer (not the City of Detroit), after an audit, denied a PRE for the Hubbell property for the years 2013, 2014, 2015 and 2016; Plaintiff requested an informal conference with the State to contest the denials, which the State denied. (See **Exhibit C**.)

Plaintiff appealed this decision to the Michigan Tax Tribunal ("MTT"), but the MTT dismissed his appeal on August 29, 2019. (See **Exhibit D**.)

As a result of the cncellation of his PRE for 2013, 2014, 2015 and 2016, Plaintiff's tax bills were retroactively adjusted upward to include the additional taxes he should have been charged and paid relating to the Hubbell property for these years. (See ECF No. 1, ¶ 18; e-mail correspondence between City Treasurer Nikhil Patel and Plaintiff attached as **Exhibit E**.)

Ever since the State of Michigan denied Plaintiff's personal residence exemptions and Plaintiff was issued adjusted tax bills, Plaintiff has been assailing the City of Detroit Assessor's office, claiming that his property taxes are incorrect. In response, the City has patiently explained why his taxes are delinquent and in what amounts, and has urged him to pay the taxes owed or to contact the Wayne County Treasurer to try to prevent his properties from falling into tax foreclosure. (See, e.g., e-mail correspondence between City and Plaintiff, attached as **Exhibit A**.)

3

Instead of paying all of his property taxes or taking other prudent actions to avoid foreclosure, on April 29, 2024, Plaintiff filed the present lawsuit against both the Wayne County Treasurer and the "City of Detroit Treasurer Office." In his complaint, Plaintiff requests that the Court "issue an injunction to stop the arbitrary tax foreclosure of plaintiff['s] properties" and award him all costs, fees, damages and other relief the Court deems proper. Plaintiff seeks relief under the Fourteenth Amendment to the U.S. Constitution and the "Michigan Constitution of 1963, Art. I. 17 of 1964." (See ECF No. 1, "Preliminary Statement.")

## ARGUMENT

### I. Standard of Review.

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the Court's subject-matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *See Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.

A factual attack is a challenge to the factual existence of subject matter

4

jurisdiction. As the Sixth Circuit has explained:

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citation omitted). "In reviewing such a motion, a district court is to probe the facts and assess the validity of its own jurisdiction. In doing so, the Court has a wide discretion to consider affidavits and the documents outside the complaint, and may even conduct a limited evidentiary hearing if necessary." *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio 1997).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court should dismiss all claims against Defendant, the City of Detroit, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for the reasons stated below.

**II.     Plaintiff's claims contesting the assessment and collection of real property taxes on his properties are barred by the Tax Injunction Act.**

**A. The Tax Injunction Act.**

The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, provides:

The district court shall not enjoin, suspend or restrain the assessment, levy or collection or any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

Even though Section 134 only specifically refers to injunctions, courts have recognized that it also bars declaratory actions and suits seeking damages. See *Thiokol Corp. v Mich. Dept. of Treasury*, 987 F.2d 376, 378 (6th Cir. 1993); *Hammoud v County of Wayne*, 2016 WL 4560635, at *4, (E.D. Mich. Sept. 1, 2016).

As the Sixth Circuit noted in *Freed v. Thomas*, 976 F.3d 729, 734-35 (6th Cir. 2020)[1]:

The [Tax Injunction] Act is "***first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes***." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522, 101 S.Ct. 1221, 67 L.Ed.2d

---

[1] While the Sixth Circuit concluded in *Freed* that the Tax Injunction Act did not apply to the plaintiff's claim that the defendant's failure to remit the surplus revenue received above the amount of his tax liability when his property was sold following foreclosure constituted a taking of property, this was because "Freed does not dispute his tax liability or delinquency. As such, he is not challenging the assessment or levy of taxes." *Freed v Thomas*, 976 F3d 729, 734 (6th Cir. 2020). The present case is completely different – Plaintiff *is* disputing his tax liability and delinquency, and therefore *is* directly challenging the assessment or levy of taxes.

464 (1981) (citations omitted). To that end, the TIA restricts suits seeking injunctions or declaratory judgments in federal court pertaining to the collection of state taxes, including challenges to a state's seizure or forfeiture of a delinquent taxpayer's property. (Emphasis added.)

A plaintiff may not avoid the jurisdictional limitations of the TIA simply by characterizing a state or local tax collection dispute as a Section 1983 claim or a violation of due process. See *Pegross v Oakland County Treasurer*, 592 F. App'x 380, 381 (6th Cir. 2014); *Helmsley v City of Detroit*, 320 F.2d 476 (6th Cir. 1963); *Van Kirk v Weldon*, 2021 WL 940755 (ED Mich. 2021) (due process claims barred by TIA); *Heldt v State of Michigan Dept. of Treasury*, 2006 WL 1547592 (ED Mich. 2006) (taking claim alleging "deprivation of personal and property rights" barred.)

While federal courts may in appropriate instances exercise pendant or supplemental jurisdiction over state law claims (see 28 U.S.C. §1367), the Tax Injunction Act divests federal courts of jurisdiction over state law claims seeking to interfere with the ability of states or municipalities to collect tax revenues. See *Keating v State of RI*, 785 F Supp 1094, 1100 (DRI, 1992) ("The plaintiff's pendent state law claims, of course, must also be dismissed. The Tax Injunction Act deprives this Court of jurisdiction to hear any of the plaintiff's claims, state or federal. "); *Dunn v Carey*, 110 FRD 439, 440 (SD Ind, 1986) ("The Remonstrators'

state law claims fall within the Tax Injunction Act's limitation on the jurisdiction of this Court.").

As noted above, the Tax Injunction Act applies where two elements are met: (1) a request to restrain the assessment, levy and/or collection of taxes; and (2) a showing that the state law provides a plain, speedy and efficient remedy for the alleged tax dispute.

Both elements of the TIA are met in this case, divesting the Court of jurisdiction.

### B. Plaintiff is seeking to enjoin, suspend or restrain the assessment, levy and collection of real property taxes.

In this case, Plaintiff contests the assessment, levy and attempted collection of real property taxes on his properties for tax years 2016, 2017, 2018 and 2021. (See ECF No. 1.) He requests that the Court "issue an injunction to stop the arbitrary tax foreclosure" on his property, as well as monetary damages. (See ECF No. 1, Prayer for Relief.)

### C. Michigan law provides a "plain, speedy and efficient remedy" for Plaintiff's tax disputes.

In a tax dispute case in which the Defendant alleges that the tax Injunction Act applies, the plaintiff "bears the burden of pleading and proving the inadequacy of state judicial remedies." *Heldt v. State of Michigan Dept. of Treasury,* 2006 WL 1547502, at *3 (ED Mich. May 31, 2006); *Jones v Wojtowicz*, 2011 WL 4695691,

at *3 (ED Mich, September 2, 2011), report and recommendation adopted, 2011 WL 4634236 (ED Mich, October 6, 2011). Plaintiff cannot meet that burden here.

Michigan provides a comprehensive scheme for the administrative and judicial review of challenges to tax assessments and levies. By enactment of 1973 P.A. 186, effective July 1, 1974, a new Tax Tribunal was created. This quasi-judicial entity, which consists of five appointed experts, has jurisdiction of "all state tax adjudicatory proceedings." The Tribunal has "exclusive and original jurisdiction" of: (1) appeals from any final decision, ruling, determination, or order of any agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws," MCL 205.731(a); and (2) any direct "proceeding for refund or redetermination of a tax under the property tax laws," MCL 205.731(b). Proceedings before the Tribunal are considered de novo. MCL 205.735(1). Appeals from final orders and decisions by the Tribunal may be had as of right to the Michigan court of appeals, MCL 205.753.

To ensure that a petitioner before the MTT is afforded due process, hearings in the Tax Tribunal are conducted in accordance with the provisions of Chapter 4 of the Administrative Procedures Act, MCL 24.271 *et seq.* MCL 205.726. The parties must be given the opportunity to present evidence and arguments regarding issues of fact, cross-examine witnesses, and submit rebuttal

9

evidence. MCL 24.272(3) and (4). The rules of evidence must be followed as far as practicable, but the tribunal "may admit and give probative effect to evidence of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." MCL 205.746(1); MCL 24.275. See *Georgetown Place Co-op. v. City of Taylor,* 226 Mich. App. 33, 51–52, 572 N.W.2d 232, 239–40 (1997).

The Sixth Circuit has examined and upheld the adequacy of the remedies available to taxpayers under the laws of the State of Michigan, including vindication of constitutional rights in the state courts. See *Chippewa Trading,* 365 F.3d at 542-43; *Helmsley v. City of Detroit,* 320 F.2d 476 (6th Cir.1963) (Declaratory Judgment Act challenge to Michigan property tax assessment under due process and equal protection principles barred, because Michigan courts provide an adequate remedy); *Kistner v. Milliken,* 432 F. Supp. 1001 (E.D.Mich.1977) (appeal of right to state court of appeals from Tax Tribunal is a plain and adequate remedy for purposes of Tax Injunction Act); *Rafaeli, LLC v Wayne County*, 2015 WL 3522546 (ED Mich. 2015).

It may be that Plaintiff has failed to utilize state court remedies in this instance, but a plaintiff's failure to avail himself of state remedies does not mean that they are inadequate. *Aluminum Co. of America v. State of* Michigan*, Department of Treasury,* 522 F.2d 1120 (6th Cir.1975); *Scott v Patel*, 2020 WL 4577417 (ED Mich 2020).

In this case, Plaintiff could have filed a lawsuit with the MTT appealing the assessment and levy of his property taxes for the 2016, 2017, 2018 and 2021 tax years.[2] For this reason, the Tax Injunction Act applies, divesting this Court of jurisdiction.

### III. Applying the principles of comity, this Court should abstain from becoming involved in this this state property tax dispute.

The TIA implements important principles of comity, expressing the federal government's "scrupulous regard for the rightful independence of state governments." *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 298 (1943). The TIA recognizes the importance of protecting the states' periodic collection of tax revenues from disruptive litigation in federal courts, which the states are powerless to control. The Supreme Court has "long recognized that principles of federalism and comity generally counsel that [federal] courts should adopt a hands-off approach with respect to state tax administration." *Nat'l Priv. Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 586, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995). Indeed, the exclusion of the federal courts from the area of state taxation is so far-reaching that it precludes federal courts from declaring state

---

[2] As noted, Plaintiff apparently did attempt to appeal the Michigan Treasury Department's denial of a PRE for the Hubbell property for 2013 through 2016, but the Tax Tribunal dismissed the appeal. (See **Exhibit C**.)

11

tax laws unconstitutional. *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 378 (6th Cir.1993).

While the principle of comity reflects some of the same concerns that support the Tax Injunction Act, it "stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief." *Chippewa Trading Co. v. Cox,* 365 F.3d 538, 541 (6th Cir.), cert. denied, 543 U.S. 988, 125 S. Ct. 500, 160 L.Ed.2d 372 (2004).

Where, as in this case, injunctive relief and damages are sought in a dispute relating to local property taxes and there is a "plain, adequate, and complete" remedy available to the plaintiff in the state courts, the principle of comity bars all such claims. See *Fair Assessment in Real Estate. Ass'n v. McNary,* 454 U.S. 100, 116 (1981).

## CONCLUSION

For the reasons set forth above, this Court should dismiss Plaintiff's claims against Defendant, the City of Detroit, for lack of jurisdiction, because they are barred by the Tax Injunction Act and the principle of comity, and grant the City such additional relief as the Court deems appropriate.[3]

---

[3] Because the Court lacks subject matter jurisdiction in this case, it should dismiss all claims against the Wayne County Treasurer as well.

Respectfully submitted,

*S/ Eric B. Gaabo*
gaabe@detroitmi.gov
Attorney for Defendant City of Detroit
Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3052

Dated:   May 23, 2024

# CERTIFICATE OF SERVICE:

# DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

I state that on May 23, 2024, I served Defendant City of Detroit's Motion to Dismiss and Brief in Support on all other parties to this case by electronically filing these documents with the U.S. District Court for the Eastern District of Michigan in this matter, which will forward these documents to all parties of record through its electronic e-filing system.

              Respectfully submitted,

              *S/ Eric B. Gaabo*
              gaabe@detroitmi.gov
              Attorney for Defendant City of Detroit
              Coleman A. Young Municipal Center
              2 Woodward Avenue, Suite 500
              Detroit, MI 48226
              (313) 237-3052

Dated: May 23, 2024