# EXHIBIT B

# Principal Residence Exemption Denials by the Michigan Department of Treasury
# Frequently Asked Questions

1. **What is a Principal Residence Exemption (PRE)?**

   A Principal Residence Exemption (PRE) exempts a principal residence from the tax levied by a local school district for school operating purposes up to 18 mills. MCL 211.7dd(c) defines a "principal residence" as the one place where a person has his or her true, fixed, and permanent home, to which, whenever absent he or she intends to return. A "principal residence" also includes all of an owner's unoccupied property classified as residential or timber-cutover that is adjoining or contiguous to the dwelling subject to ad valorem taxes and that is owned and occupied by the owner. *Owner* is defined in MCL 211.7dd(a).

2. **Why did I get a PRE denial notice on my home?**

   Based on the information reviewed during the Audit process, the Michigan Department of Treasury (Department) could not verify that you owned and occupied the property as your principal residence or met the other requirements stated in MCL 211.7cc and MCL 211.7dd for the year(s) being denied.

3. **Why was the PRE denied on the parcel of land next to my home?**

   The PRE on your contiguous or adjoining property was denied because the property *was not classed residential, or timber-cutover, and/or the property was not unoccupied.*

4. **Why did I receive a PRE denial on my agricultural property?**

   The Department does not review Qualified Agricultural Exemptions. However, because a Qualified Agricultural Exemption results in the same tax savings as a PRE, some assessors place a PRE on agricultural property. If a valid agricultural exemption exists and covers the years at issue, that exemption on the parcel(s) will remain unchanged. The assessor should be contacted to fix the discrepancy and the Department should be notified.

5. **How do I appeal a denial of a PRE?**

   If you disagree with this denial, **a written request for an informal conference** must be received by the Department within 35 days from the date you received the denial notice. Along with the written request for an informal conference, explain your reasons for disagreeing with the denial. Appeals that are not timely received by the Department will not be granted an informal conference.

   **NOTE:** You should include your telephone number, current mailing address, and documentation (see question 8 and 9 below). However, you should not delay filing your appeal request while you compile documentation. The documents can be supplied after you file your initial request for an informal conference.

6. **Where do I submit my appeal?**

   For faster service, e-mail to **PRE@michigan.gov** your written request for an informal conference and any available documentation. An additional submission option is to mail it to Michigan Department of Treasury, Principal Residence Exemption Unit, PO Box 30440, Lansing MI 48909.

7. **Can an attorney or other representative appeal on my behalf?**

   An attorney or other representative may appeal on your behalf. However, an Authorized Representative Declaration (Power of Attorney), Form 151, is required to be on file with the PRE Unit authorizing the attorney or other representative to act on your behalf.

8. **What documentation is acceptable to verify ownership?**

   A warranty deed; quit claim deed; land contract; or full copy of a trust if the property is owned by a trust.

9. **What documentation is acceptable to verify occupancy?**

   Proof of occupancy as a principal residence does not depend on any particular fact, but on whether all the facts and circumstances taken together tend to establish that the property was occupied by the person asserting eligibility for the PRE. Documentation should be for the years denied by the Department. Generally, documentation demonstrating occupancy may include:

   A. Both sides of a driver's license with property address.

   B. A voter's registration record.

   C. Motor vehicle registration.

   D. Utility bills with the mailing address of the property.

Continued on Page 2

      E. Cable bills with the mailing address of the property.

      F. Telephone bills with the mailing address of the property.

      G. Bank and charge accounts showing purchases in the vicinity of the property.

      H. Medical bills with the mailing address of the property.

**NOTE:** This is not an all-inclusive list and no one item is particularly controlling. Ultimately, the burden of proof is on the taxpayer to prove eligibility for a PRE. When submitting documentation, remember to remove any sensitive information.

### 10. How do I know if my appeal has been received?

You will receive a letter confirming that your appeal has been received by the Department.

### 11. How long will the appeal process take?

It may take anywhere from several months to a year to complete the review of the appeal.

### 12. Who will review my appeal?

The PRE staff will review your appeal information to determine if sufficient evidence exists to reinstate the exemption or partial exemption.

### 13. How will I know the result of the appeal review by the PRE staff, if they determine that sufficient evidence was provided to rule in my favor?

If your documentation shows the property qualified for the PRE, the denial will be removed for the year(s) in question. You, the county treasurer and the local unit assessor will be notified in writing that the exemption has been reinstated.

### 14. How will I know the result of the appeal review by the PRE staff, if they determine that insufficient evidence was provided to rule in my favor?

If your documentation was not sufficient to prove a person was eligible for a PRE, your file will be forwarded to the Hearings Division for an informal conference. The Hearings Division will notify you by certified mail of the date and time of the informal conference.

### 15. Will I receive a bill as a result of the denial notice?

You will receive a bill for corrected or adjusted taxes by mail. Depending on your specific circumstances, the bill can come from the Department, your local treasurer, or county treasurer. You may contact your local treasurer or county treasurer to obtain the amount of the corrected or adjusted taxes if a bill has not yet been received.

### 16. Do I have to pay additional taxes before I can appeal?

Taxes do not have to be paid at the time of the appeal. However, interest at a rate of 1.25% per month or fraction of a month and any related fees may be added as permitted or mandated by law. If your appeal is unsuccessful and the denial is upheld, interest and related fees will be charged from the original due date of the taxes. The Department recommends that you pay the supplemental tax bill. This stops interest from accruing. You will receive a refund if the denial is overturned.

### 17. Can I have any interest waived?

The Department may waive interest in circumstances involving an assessor's error as detailed in Subsection (8) of MCL 211.7cc. The assessor must complete an *Assessor's Affidavit to Waive Principal Residence Exemption Denial Interest* (Form 4813) and include all of the required documentation.

### 18. Can I make a partial payment?

Most counties and local units require full payment. If a taxpayer is allowed to make a partial payment, any funds received will first be applied to interest and related fees. Interest will continue to be applied to the remainder of the taxes owed and may result in a lien against the property.

### 19. Where can I find more information about PREs?

Information regarding PREs, including links to the controlling statutory language (MCL 211.7cc; MCL 211.7dd; and MCL 211.120), are online at www.michigan.gov/pre.