# EXHIBIT D



Charles Miles,
    Petitioner,

**MICHIGAN TAX TRIBUNAL**
**SMALL CLAIMS DIVISION**

v

MOAHR Docket No. 19-002844

City of Detroit,
    Respondent.

<u>Presiding Judge</u>
Steven M. Bieda

## ORDER OF DISMISSAL

The Tribunal has considered the file in the above-captioned case and finds that Petitioner was placed in default on July 3, 2019, because Petitioner did not submit a copy of the notice giving rise to the appeal. On August 1, 2019, the Tribunal extended the time for Petitioner to cure the default by an additional 14 days, and Petitioner has failed to respond. Petitioner has not complied with either Order, and the latter stated that "[f]ailure to comply with this Order shall result in the dismissal of the case . . ." and referenced *Grimm v Dep't of Treasury*.[1] In *Grimm*, the Michigan Court of Appeals summarized factors that the Tribunal should consider before imposing the sanction of dismissal. Those factors are:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice.[2]

Here, Petitioner has made no attempt to cure the default, and Petitioner's failure to comply with two Orders has established a history of deliberate delay. As a result, giving careful consideration to the factors involved and considering all options in determining what sanction is just and proper, the Tribunal finds that dismissal is appropriate, and a lesser sanction would not be appropriate in light of Petitioner's history of noncompliance in this case. Therefore,

IT IS ORDERED that this case is DISMISSED.

This Order resolves all pending claims in this matter and closes this case.

---

[1] *Grimm v Dep't of Treasury*, 291 Mich App 140 (2010).
[2] *Id.* at 149.

## APPEAL RIGHTS

If you disagree with the final decision in this case, you may file a motion for reconsideration with the Tribunal or a claim of appeal with the Michigan Court of Appeals.

A Motion for reconsideration must be filed with the required filing fee within 21 days from the date of entry of the final decision.[3]  Because the final decision closes the case, the motion cannot be filed through the Tribunal's web-based e-filing system; it must be filed by mail or personal service.  The fee for the filing of such motions is $50.00 in the Entire Tribunal and $25.00 in the Small Claims Division, unless the Small Claims decision relates to the valuation of property and the property had a principal residence exemption of at least 50% at the time the petition was filed or the decision relates to the grant or denial of a poverty exemption and, if so, there is no filing fee.[4]  A copy of the motion must be served on the opposing party by mail or personal service or by email if the opposing party agrees to electronic service, and proof demonstrating that service must be submitted with the motion.[5]  Responses to motions for reconsideration are prohibited and there are no oral arguments unless otherwise ordered by the Tribunal.[6]

A claim of appeal must be filed with the appropriate filing fee.  If the claim is filed within 21 days of the entry of the final decision, it is an "appeal by right."  If the claim is filed more than 21 days after the entry of the final decision, it is an "appeal by leave."[7]  A copy of the claim must be filed with the Tribunal with the filing fee required for certification of the record on appeal.[8]  The fee for certification is $100.00 in both the Entire Tribunal and the Small Claims Division, unless no Small Claims fee is required.[9]

By _____

Entered: August 29, 2019
ssm

---

[3] See TTR 261 and 257.
[4] See TTR 217 and 267.
[5] See TTR 261 and 225.
[6] See TTR 261 and 257.
[7] See MCL 205.753 and MCR 7.204.
[8] See TTR 213.
[9] See TTR 217 and 267.



STATE OF MICHIGAN
DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
LANSING

GRETCHEN WHITMER
GOVERNOR

ORLENE HAWKS
DIRECTOR

Charles Miles,
    Petitioner,

**MICHIGAN TAX TRIBUNAL
SMALL CLAIMS DIVISION**

v

MOAHR Docket No. 19-002844

City of Detroit,
    Respondent.

<u>Presiding Judge</u>
Steven M. Bieda

## <u>ORDER EXTENDING TIME FOR PETITIONER TO CURE DEFAULT</u>

The Tribunal, having considered the file in the above-captioned case, finds that it entered an Order holding Petitioner in default on July 3, 2019, because Petitioner did not submit a copy of the notice giving rise to the appeal (i.e., notice of action taken by Board of Review, uncapping notice, PRE denial notice, final assessment notice, etc.), as required by TTR 277.[1] Pursuant to the Order, the default was required to be cured within 14 days. Ample time to comply with the Order has been provided; yet, no response has been filed. Though the Tribunal finds an extension of time to cure the default appropriate, Petitioner's failure to comply with Tribunal orders and its Rules of Practice and Procedure has established a history of deliberate delay that would justify dismissal of the case for failure to timely comply with this Order.[2] Therefore,

IT IS ORDERED that the time for Petitioner to cure the default is EXTENDED.

IT IS FURTHER ORDERED that Petitioner must complete the following to cure the default: (1) submit a copy of the notice giving rise to the appeal, (2) file a Motion to Set Aside Default, (3) pay the $25.00 fee required for the filing of the Motion, and (4) file proof the Motion was served on Respondent. The foregoing must be filed with the Tribunal within 14 days of the entry of this Order.

Failure to comply with this Order shall result in the dismissal of the case, as provided by TTR 231.[3]

Entered: August 1, 2019
jls

By _____

---

[1] The Order further stated, "Failure to comply with this Order will result in the defaulted party being required to file a motion to set aside the default (with appropriate filing fee)."
[2] See *Grimm v Dep't of Treasury*, 291 Mich App 140 (2010).
[3] See also MCL 205.732.



Charles Miles,
    Petitioner,

                            **MICHIGAN TAX TRIBUNAL**
                            **SMALL CLAIMS DIVISION**

v                              MOAHR Docket No. 19-002844

City of Detroit,
    Respondent.

## ORDER OF DEFAULT

The Tribunal, having given due consideration to the file in the above-captioned case, finds:

Petitioner did not submit a copy of the notice giving rise to the appeal (i.e., notice of action taken by Board of Review, uncapping notice, PRE denial notice, final assessment notice, etc.), as required by TTR 277. As such, Petitioner must submit the notice within 14 days of the entry of this Order.


Therefore,

IT IS ORDERED that Petitioner is HELD IN DEFAULT.

IT IS FURTHER ORDERED that the defaulted party shall cure the default, as indicated above, within 14 days of the entry of this Order. The Tribunal will not accept e-mailed submissions; please file your documents by mail or e-filing via the Tribunal's e-filing system.

Failure to comply with this Order will result in the defaulted party being required to file a motion to set aside the default (with appropriate filing fee).

By: _____
           Marcus L. Abood, Tribunal Member

Entered: July 3, 2019



STATE OF MICHIGAN
DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
LANSING

GRETCHEN WHITMER
GOVERNOR

ORLENE HAWKS
DIRECTOR

Charles Miles,
    Petitioner,

v

City of Detroit,
    Respondent.

**MICHIGAN TAX TRIBUNAL**
**SMALL CLAIMS DIVISION**

MOAHR Docket No. 19-002844

## PROOF OF SERVICE

I hereby certify that true copies of the attached Order of Default were sent on the entry date indicated below to Petitioner utilizing the email address on file, as provided by Petitioner.

I hereby certify that true copies of the attached Order of Default were sent on the entry date indicated below to Respondent's authorized representative utilizing the email address on file, as provided by Respondent's authorized representative.

A true copy of the document was also sent to the applicable County Treasurer by mail or email, if the document was a Final Opinion and Judgment.

By: <u>Tribunal Clerk</u>

Entered: July 3, 2019