UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES MILES,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**WAYNE COUNTY TREASURER and CITY OF DETROIT TREASURER OFFICE,**<br><br>　　　　　Defendants. | **2:24-CV-11125-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS (ECF NO. 5)**<br><br>**AND GRANTING DEFENDANT WAYNE COUNTY TREASURER'S MOTION TO DISMISS (ECF NO. 8)** |

　　　　Plaintiff Charles Miles, proceeding *pro se*, brings this action against the Wayne County Treasurer and the City of Detroit Treasurer challenging property tax bills he has been issued on two properties he owns in the City of Detroit for tax years 2016, 2017, 2018, and 2021. His objections stem from the Michigan Treasury Department's 2016 denial of a "Principal Residence Exemption" ("PRE") for one of his properties and the retroactive adjustment and increase in his property tax bill for prior years. Miles alleges that as a result of the assessment and attempted collection of real property taxes, his properties "are currently in property tax foreclosure by the Wayne County Treasurer's office" and he seeks an

1

injunction "to stop the arbitrary tax foreclosure" of his properties, as well as monetary damages for Defendants' alleged unlawful actions.

Now before the Court are Defendants City of Detroit's and Wayne County Treasurer's Motions to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF Nos. 5 and 8. Defendants argue that the Complaint should be dismissed because the Tax Injunction Act and principles of comity deprive this Court of jurisdiction over claims like Plaintiff's—challenging the assessment and collection of state property taxes. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motions will be decided without oral argument.

For the reasons set forth below, the Court will **GRANT** both the City of Detroit's and Wayne County Treasurer's Motions to Dismiss.

## I. BACKGROUND

### A. Factual Background

Plaintiff Charles Miles alleges that he is the owner of three properties in the City of Detroit: (1) 9550 Hubbell; (2) 6463 Evergreen; and (3) 12900 Santa Clara. Complaint ¶ 7, ECF No. 1, PageID.2. Miles alleges that he had a "principal residence exemption" ("PRE") for the property located at 9550 Hubbell from 2009 to 2013, and that he transferred the PRE to his new home at 12900 Santa Clara in 2013. *Id.*

2

¶¶ 17–18. However, Miles says that the PRE was not rescinded on the 9550 Hubbell property. *Id.*[1]

Michigan's PRE is governed by §§ 7cc and 7dd of the General Property Tax Act ("GPTA"), MCL §§ 211.7cc and 211.7dd. A PRE exempts a principal residence "from the tax levied by a local school district for school operating purposes to the extent provided under … [MCL §] 380.1211, if an owner of that principal residence claims an exemption as provided in this section." *See* MCL § 211.7cc(1) (emphasis added). In order to qualify for the PRE in real property, the person claiming the exemption must own that property; occupy the property as a principal residence; and file an affidavit "on a form prescribed by the department of treasury" "stat[ing] that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed." MCL § 211.7cc(2). The Act provides for rescission of a claim for a PRE "by filing with the local tax collecting unit a rescission form prescribed by the department of treasury." MCL 211.7cc(5). The Act also authorizes the County to audit claimed exemptions. MCL 211.7cc(10). If the County denies a claimed PRE, the County treasurer issues a corrected tax bill including interest. MCL § 211.7cc(11).

---

[1] Miles only specifically discusses the 9550 Hubbell property in his Complaint and fails to discuss any details of the 6463 Evergreen property in the body of his Complaint. *See* ECF No. 1.

The Michigan State Treasurer conducted an audit of Miles's claimed exemptions in 2016, and then denied a PRE for the Hubbell property for the years 2013, 2014, 2015, and 2016. ECF No. 1, ¶ 18. When the taxes were not paid in full, the taxes were transferred to the Wayne County Treasurer as a delinquent debt. *Id.* ¶ 19.

Miles requested an informal conference with the State to contest the PRE denials, and this request was denied as untimely on April 26, 2019. ECF No. 5-4. The denial informed Miles that he could appeal that decision to the small claims division of the Michigan Tax Tribunal ("MTT"). *Id.* Miles then attempted to appeal to the MTT. That appeal was subsequently dismissed in a decision dated August 29, 2019 because Miles "did not submit a copy of the notice giving rise to the appeal," he was "placed in default on July 3, 2019," he "has made no attempt to cure the default," and his "failure to comply with two Orders has established a history of deliberate delay." ECF No. 5-5, PageID.184. That decision stated that Miles could file a motion for reconsideration with the MTT or a claim of appeal with the Michigan Court of Appeals. *Id.* PageID.185. Miles does not allege that he pursued either route of possible appeal.

As a result of the cancellation of the PRE for the Hubbell property for 2013 through 2016, Miles's tax bills, starting with his 2016 tax bill, were retroactively adjusted upward to include the additional taxes he should have been charged and paid. ECF No. 1, ¶¶ 18–20; *see also* Emails, ECF No. 5-6. Miles has since disputed the adjusted tax bills, contending

4

that he was unjustly or incorrectly assessed interest, fees, and penalties and disputing the back fees owed for the PRE rescission. ECF No. 1, ¶¶ 21–27 (complaining that he "had no idea how much was actually discounted under the PRE for 2013, 2014, and 2015" and "no idea how to is [sic] verify what is actually owed to the Detroit City Treasurer Office."). Miles and the City of Detroit exchanged a number of emails through April 4, 2024, discussing the property taxes for the 9550 Hubbell and 6463 Evergreen properties, with the City explaining why the taxes were delinquent and in what amounts. ECF No. 5-6, PageID.190–216. The City attached the tax liability statements for each property to the emails and advised Miles that he needed to either make full payments or set up a payment plan through Wayne County. *Id.* Miles instead filed the instant action.

### B. Procedural History

On April 29, 2024, Miles then filed this action against both the City of Detroit Treasurer's Office and the Wayne County Treasurer. ECF No. 1. Miles alleges a denial of due process under the Fourteenth Amendment because the City "charge[d] [Miles] back fees from 2013, 2014, and the 2015 PRE tax discount; without ever telling [him] what the actual discounts were during those years," and then forwarded the debt to the Wayne County Treasurer before sending it to Miles, thereby incurring extra fees and penalties. *Id.* Claims for Relief, ¶¶ 4–5. He requests that the Court "issue an injunction to stop the arbitrary tax foreclosure of [his]

5

properties," "inform all resident(s) receiving PRE … the exact amount discounted each year the resident receive[s] the discount," and "[a]ward [him] cots[s], and fees deem[ed] proper by the court for 7 years of emotional stress based on [Defendants'] arbitrary practices." *Id.* Prayers for Relief, ¶¶ 6-8.

On May 23, 2024, Defendant City of Detroit filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 5. The City argued that Miles's claims contesting the assessment and collection of real property taxes on his properties are barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and by principles of comity.

On June 4, 2024, Defendant Wayne County Treasurer filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 8. The Wayne County Treasurer adopts and incorporates the arguments made by the City of Detroit in its motion. The Wayne County Treasurer contends that Miles "has initiated this action as another opportunity to challenge the MTT decision as if this action was an appeal of the MTT decision" and further asserts that "the Properties have *not* been foreclosed*"* and that Miles "can simply prevent the future foreclosure of the Subject Properties by satisfying the outstanding tax delinquencies or entering into a stipulated payment agreement with the Treasurer's office." *Id.* PageID.222–23.

6

Miles failed to timely respond to either motion to dismiss and the Court therefore issued an Order for Miles to Show Cause in writing why he had failed to timely respond to the Defendants' two motions to dismiss, and to explain why this case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). ECF No. 9. Miles's response was due in 14 days from the date of the Order, or by December 6, 2024.

On December 12, 2024, almost a week past the deadline set by the Court, Miles filed his "Answer Why Case Should Not be Dismissed." ECF No. 10. Miles argues that his Complaint "contains sufficient factual allegations to state a plausible claim for relief" and that the Court should deny Defendants' motions and "address each argument raised by the defendant in their motion to dismiss and explain why the complaint adequately pleads each element of the claim." *Id.*[2]

## II.   LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

Challenges to subject matter jurisdiction under 12(b)(1) "come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Under a facial attack, all of the allegations in the complaint must be taken as true.

---

[2] Miles also complains that "defendants continue[] to not give notice to" him and that "Defendants never sent any response to" him. ECF No. 10. However, The City of Detroit responded that it had mailed its motion to dismiss to Miles on May 28, 2024. ECF No. 11, citing Certificate of Service at ECF No. 6.

7

*Id.*; *see also Lovely v. United States*, 570 F.3d 778, 781 (6th Cir. 2009). A factual attack, on the other hand, is not a challenge to the sufficiency of the allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, "no presumptive truthfulness applies to the factual allegations" and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *see also* 2 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2000) ("[W]hen a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts.").

### B. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) permits dismissal of a lawsuit or claim where the defendant establishes the plaintiff's "failure to state a claim upon which relief can be granted." *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Consideration of a Rule 12(b)(6) motion is confined to the pleadings. *Id.* In evaluating the motion, courts "must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v.*

*Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)).

Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in support of her grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Under *Ashcroft v. Iqbal*, the plaintiff must also plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009) (citation omitted).

### III. DISCUSSION

**A. Miles's Claims are Barred by the Tax Injunction Act**

**1. The TIA**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). *See also Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). Just as the scope of the federal courts' limited jurisdiction is defined by statute, so it is that "Congress may divest them of jurisdiction." *Anderton v. Bannock Cnty.*, No. 14-00114, 2015 WL 428069, at *3 (D. Idaho Feb. 2, 2015). "The Tax Injunction Act is an example of such a divestiture." *Id.*

9

The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. As interpreted by the United States Supreme Court, "the Act divests the district court not only of jurisdiction to issue an injunction enjoining state officials, but also of jurisdiction to take actions that 'suspend or restrain' the assessment and collection of state taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982) (holding that the TIA "deprived the District Court of jurisdiction to hear" a First Amendment challenge to state and federal taxation regimes, and extending the TIA's prohibition on injunctive relief to declaratory judgments); *see Freed v. Thomas*, 976 F.3d 729, 734–35 (6th Cir. 2020) ("The [TIA] is 'first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'") (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)). "Although the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damage actions as well." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 378 (6th Cir. 1993) (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 105 (1981)). Thus, a plaintiff may not avoid the jurisdictional limitations of the TIA by simply characterizing a state or local tax collection dispute as a Section 1983 claim or a violation of due process. *See Pegross v. Oakland Cnty. Treasurer*, 592 F. App'x 380, 381

(6th Cir. 2014) (citing *Schneider Transp., Inc. v. Cattanach,* 657 F.2d 128, 131 (7th Cir.1981) ("It is well settled that allegations of deprivations of constitutional rights do not render the [TIA] inapplicable."); *Mandel v. Hutchinson,* 494 F.2d 364, 366 (9th Cir.1974) (holding that "[t]he jurisdictional bar of" the TIA could not be overcome by mounting a constitutional challenge to the state's tax collection scheme brought under § 1983)).

### 2. Miles's claims challenge the assessment, levy and attempted collection of property taxes on the two subject properties

Miles here contests the assessment, levy, and attempted collection of real property taxes on his two properties for tax years 2016, 2017, 2018, and 2021. ECF No. 1. He contends that the taxes on the two subject properties were improperly assessed, contesting the amount of the PRE for the 9550 Hubbell property for tax years 2013, 2014, and 2015, complaining that the City forwarded the delinquencies on the properties to the County Treasurer before notifying him of the incurred charges, and about the addition of interest, fees, and penalties owed on the two properties by the Wayne County Treasurer, and he requests as relief that the Court "issue an injunction to stop the arbitrary tax foreclosure" on his property, as well as monetary damages. *Id.* PageID.5.[3] Thus, Miles's

---

[3] Defendant Wayne County Treasurer asserts in its Motion to Dismiss that, pursuant to the General Property Tax Act ("GPTA"), the Wayne County Treasurer is the Foreclosing Governmental Unit ("FGU") for

11

allegations squarely raise the type of claim over which this Court lacks subject matter jurisdiction under the TIA. *See Van Kirk v. Weldon*, No. 20-11761, 2021 WL 940755, at *5 (E.D. Mich. Jan. 19, 2021) (Grand, M.J.) (the plaintiffs' claims challenging the property tax assessment that led to the foreclosure on their home were barred by the TIA), *report and recommendation adopted by* 2021 WL 753539 (E.D. Mich. Feb. 26, 2021); *Scott v. Patel*, No. 19-12676, 2020 WL 3496582, at *4 (E.D. Mich. June 29, 2020) (Battani, J.) (collecting cases where "the plaintiffs alleged that they were given inadequate notice of state court foreclosure proceedings or otherwise suffered due process violations or other constitutional deprivations in the course of those proceedings, but the courts held that the plaintiffs' claims nonetheless were barred by the TIA"); *see also Hammoud v. Cnty. of Wayne*, No. 15-14461, 2016 WL 4560635 (E.D. Mich. 2016) (Levy, J.) ("To grant the relief plaintiffs seek—to undo the tax foreclosures—would certainly 'enjoin, suspend or restrain the assessment, levy or collection of a[] tax under State law" and such claims therefore are barred by the TIA), *aff'd*, 697 F. App'x 445 (6th Cir. 2017). "[M]ere citations to 42 U.S.C. § 1983 or the Fourteenth Amendment [can]not create federal court jurisdiction, [if] the claims [as] alleged [are] barred by principles of comity and the TIA." *Pegross*, 592 F. App'x at 381.

---

Wayne County, "statutorily authorized to collect forfeited and delinquent property taxes," and "although there are outstanding tax delinquencies on the Subject Properties, the Properties have *not* been[] foreclosed." ECF No. 8, PageID.222 (emphasis in original).

12

Accordingly, the Court finds that the first element of the TIA analysis is satisfied.

### 3. Miles has a "plain, speedy and efficient remedy" for his tax disputes

An important limitation is that the TIA only bars a plaintiff's claims if there exists a state remedy that is "plain, speedy, and efficient." *See* 28 U.S.C. § 1341; *Hibbs v. Winn*, 542 U.S. 88, 105 (2004) (explaining that, in enacting the TIA, Congress was concerned with "taxpayers who sought to avoid paying their state tax bill by pursuing a challenge route other than the one specified by the taxing authority"). The plaintiff "bears the burden of pleading and proving the inadequacy of state judicial remedies." *Heldt v. State of Mich. Dep't of Treasury*, No. 06-10098, 2006 WL 1547502, at *3 (E.D. Mich. May 31, 2006) (Cohn, J.). Miles cannot meet that burden here.

Miles has a plain, speedy, and efficient remedy in state court pursuant to the GPTA, M.C.L. 211.1 *et seq*. As explained in *Operation Unification, Inc. v. Genesee County Municipality*, No. 18-13779, 2019 WL 2932456 (E.D. Mich. Apr. 16, 2019) (Whalen, M.J.), *report and recommendation adopted*, 2019 WL 2067139 (E.D. Mich May 10, 2019):

> Michigan law provides a procedure for challenging tax assessments. The General Property Tax Act ("GPTA"), M.C.L. 211.1 *et seq.*, "specifies a method by which 'person[s] whose property is assessed on the assessment roll or [their] ... agent[s]' may 'protest' the assessment on their property before the board of review." *Spartan Stores, Inc. v. City of Grand*

13

*Rapids*, 861 N.W.2d 347, 350, 307 Mich. App. 565, 570 (Mich. App. 2014) (citing M.C.L. 211.30(4)). "If the property owner or its agent so chooses, they may appeal the board's decision to the Tax Tribunal," under Michigan's Tax Tribunal Act ("TTA"), M.C.L. 205.701 *et seq.*; *Spartan Stores* at 570.

*Id.* at *5; *see also Howard v. City of Detroit, Mich.*, 40 F.4th 417, 421 (6th Cir. 2022) (discussing procedures for disputing a property tax assessment under Detroit ordinances and Michigan state law). Appeals from final orders and decisions of the MTT may be made to the Michigan Court of Appeals. MCL § 205.753.

Here, Miles could have addressed his claims with the MTT, appealing the assessment and levy of his property taxes for the 2016, 2017, 2018 and 2021 tax years, but the MTT dismissed Miles's appeal because he failed to submit a copy of the notice giving rise to the appeal and failed to cure that default. ECF No. 5-5, PageID.184. However, it is irrelevant that this remedy may no longer be available to Miles. Whether Miles failed to pursue the claims and remedies available to him in the state courts, or whether he did so but was unsuccessful, this does not render his state remedies inadequate for purposes of overcoming the jurisdictional bar of the TIA. *See Hammoud,* 2016 WL 4560635, at *5 (explaining that the application of the TIA "depends on whether a state remedy was at some time available to the taxpayer," and that "the taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of the remedy" (internal quotation marks and citation omitted)); *Rafaeli, LLC v. Wayne Cnty.*, No. 14-13958, 2015 WL

14

3522546, at *5 (E.D. Mich. June 4, 2015) (pointing to the courts' "unanimous[ ]" recognition that the "failure to utilize a remedy does not render that remedy insufficient under" the TIA (internal quotation marks and citations omitted)). Accordingly, the second element of the TIA analysis is satisfied.

Because Miles's claims challenge the assessment and collection of a state tax, and because a plain, speedy and efficient remedy in the Michigan state courts was available to him, this Court lacks jurisdiction over Miles's claims under the Tax Injunction Act, and they will therefore be **DISMISSED**.

### B. Miles's Claims are Barred by Principles of Comity

The principles of comity also require this Court to abstain from exercising jurisdiction over Miles's claims in this case. The Sixth Circuit has explained that:

> [The comity] principle ... prohibits "taxpayers ... from asserting § 1983 actions against the validity of state tax systems in [the lower] federal courts." ... In such cases, a federal court should normally abstain from hearing the action as long as there is a "plain, adequate, and complete" remedy available to the plaintiff in state court. *Ibid.* While this comity principle reflects some of the same concerns that led Congress to enact the Tax Injunction Act, 28 U.S.C. § 1341, it stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief.

*Chippewa Trading Co. v. Cox*, 365 F.3d 538, 541 (6th Cir. 2004) (citing *Fair Assessment*, 454 U.S. at 116) *see also Levin v. Com. Energy, Inc.*, 560

15

U.S. 413, 417 (2010) ("More embracive than the TIA, the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration."); *Harrison v. Montgomery Cnty., Ohio*, 997 F.3d 643, 652 (6th Cir. 2021) ("Just as the Tax Injunction Act bars claims for injunctive and declaratory relief, comity principles restrain plaintiffs from asserting § 1983 actions against the validity of state tax systems in federal courts.") (punctuation modified, citation omitted).

Miles's claims here contest "the validity" of the property tax assessment on his two properties, seeking injunctive relief and monetary damages. ECF No. 1. Given that *Fair Assessment* makes clear that this action cannot be maintained as long as there is a "plain, adequate, and complete" remedy in state court, and the GPTA affords such a remedy, as discussed above, the principal of comity precludes this Court's consideration of Miles's claims.

## IV. CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over this action, Defendant City of Detroit's and Wayne County Treasurer's Motions to Dismiss, ECF Nos. 5 and 8, are **GRANTED**, and Plaintiff Charles Miles's Complaint is **DISMISSED.**
**IT IS SO ORDERED.**

Dated: January 31, 2025    /s/Terrence G. Berg
　　　　　　　　　　　　　HON. TERRENCE G. BERG
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE